JUDGE BUCHWALD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Saul Valentin<br>(A99 989 416)<br><br>Plaintiff,<br><br>V.<br><br>Andrea Quarantillo<br>District Director, USCIS<br>New York, New York<br><br>Defendant. | 08 CIV 3866<br><br>RECEIVED<br>APR 24 200?<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

COMPLAINT FOR MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff, Saul Valentin, by his attorneys Wilens & Baker, P.C., for Lawful Permanent Residence claim for relief states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by whom statutes jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §555 and 701 et seq, the Administrative Procedures Act, by unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to her by law with regard to Plaintiff's case.

2. This action is brought to compel Defendant and those acting under her to rule upon the application and petition filed by the Plaintiff.

### PARTIES

3. PLAINTIFF Saul Valentin is a citizen of Mexico. He currently resides at 693 East 189th Street, Apt. 19, Bronx, NY 10458.

{SS: 96677\00025041.DOC}

4. DEFENDANT, Andrea Quarantillo, is the District Director of Citizenship and Immigration Services for the District of New York, and is charged by law with the statutory obligation to adjudicate Adjustment of Status applications.

## FACTS

5. Plaintiff filed an application with Defendant in or about September of 2006. Plaintiff was interviewed by Defendant's agent, DAO Pak on December 11, 2006. [Note that Plaintiff's mother and sister were also interviewed on the same date and their respective cases were approved in August of 2007].

6. The normal and customary period prescribed by Defendant for ruling upon adjustment of status applications in this District has long passed. Defendant has sufficient information to determine Plaintiff's eligibility requirements.

7. This volume of cases is also why Defendant has established its own internal procedures to be able to adjudicate such applications at the time of the interview and not to unnecessarily delay adjudication of the application.

8. Defendant has a legal obligation to notify the Plaintiff of her decision and if the application is denied, the reasons for the denial. See 8 C.F.R. 245.2a(5)(i).

9. The adjudication of the application, Defendant's decision, therefore is not discretionary and must be rendered for 8 C.F.R. 245.2a(5)(i) mandates that (1) a decision be rendered and (2) that Plaintiff be notified of same and if denied, the reasons for the denial. One cannot notify one of a decision without first rendering same. Plaintiff does concede that the decision to grant or deny the application is discretionary.

## CLAIMS

10. Defendant willfully, and unreasonably has delayed in and has refused to, adjudicate the adjustment application of Plaintiff, thereby depriving Plaintiff of her statutory right to lawful permanent residence.

11. Defendant owes Plaintiff the legal obligation to adjudicate her adjustment of status application within a reasonable time and has unreasonably failed to perform that duty.

12. Defendant's failure to adjudicate Plaintiff's application has the effect of placing plaintiff in a status where she may be subject to Removal (Deportation) Proceedings; where her current status restricts her employment opportunities because of the uncertainty of her application and therefore is a direct financial detriment; where Plaintiff's current status requires her to pay a yearly fee Defendant to renew her authorization to work in the United States and is another financial detriment; where this delay has the effect of also delaying when she is eligible to apply file for Naturalization.

13. Individuals with pending adjustment applications such as plaintiff's may also be restricted in their ability to travel outside of the United States, even with Defendant's grant of advance parole, due to recent legislation which would bar them from receiving their legal resident status due to their time of illegal status in the United Status.

15. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendant and those acting under her to perform their duty to rule upon the adjustment of status application of Plaintiff Saul Valentin;

(2) Grant such other and further relief as to this Court seems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,
By: Spiro Serras, Esq.
(ID# 9232/SS)

WILENS & BAKER, PC
Attorneys for Plaintiffs
450 Seventh Avenue
New York, NY 10123
212-695-0060

Dated: March 31, 2008